# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF Eastern District of California

### Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: 2:25-cv-02262-WBS

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 08/12/2025

Date of judgment or order you are appealing: 02/24/2026

Docket entry number of judgment or order you are appealing: 81

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes    ○ No    ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Interstate Fire & Casualty Company
National Surety Corporation

Is this a cross-appeal?  ○ Yes    ◉ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?  ○ Yes    ◉ No

If yes, what is the prior appeal case number?

Your mailing address (if pro se):

City:                State:          Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature**    */s/ Harris B. Winsberg*    **Date**    03/25/2026

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 6**                    *1*                    *New 12/01/2018*

PARKER, HUDSON, RAINER & DOBBS LLP
Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admitted *pro hac vice*)
Matthew G. Roberts (admitted *pro hac vice*)
Brian C. Aton (SBN 339266)
303 Peachtree St NE, Suite 3600
Atlanta, Georgia 30308
Telephone:      (404) 523-5300
Facsimile:      (404) 522-8409
Email:          hwinsberg@phrd.com
                mweiss@phrd.com
                mroberts@phrd.com
                baton@phrd.com

TROUTMAN PEPPER LOCKE LLP
Steven D. Allison (SBN 174491)
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone:      (949) 622-2700
Facsimile:      (949) 622-2739
Email: steven.allison@troutman.com

Valerie Phan (SBN 306503)
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:      (858) 509-6000
Email: valerie.phan@troutman.com

Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
PARKER, HUDSON, RAINER & DOBBS LLP
Two N. Riverside Plaza, Suite 1850
Chicago, Illinois 60606
Telephone:      (312) 477-3305
Email:          tjacobs@phrd.com
                jbucheit@phrd.com

*Attorneys for Interstate Fire & Casualty Company and National Surety Corporation*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY AND NATIONAL SURETY CORPORATION, et al.,<br><br>            Appellants,<br><br>v.<br><br>THE ROMAN CATHOLIC BISHOP OF SACRAMENTO,<br><br>            Appellee. | Civil Case Nos.<br><br>2:25-cv-02262 WBS (lead case)<br><br>2:25-cv-02288 WBS<br><br>**NINTH CIRCUIT RULE 3-2 REPRESENTATION STATEMENT OF INTERSTATE FIRE & CASUALTY COMPANY AND NATIONAL SURETY CORPORATION** |

**REPRESENTATION STATEMENT OF INTERSTATE FIRE & CASUALTY COMPANY AND NATIONAL SURETY CORPORATION**

Pursuant to Ninth Circuit Rule 3-2, Interstate Fire & Casualty Company and National Surety Corporation file this Representation Statement, identifying all parties to the action along with the names, addresses, and telephone numbers of their respective counsel, if known.

| | |
|---|---|
| PARKER HUDSON RAINER & DOBBS, LLP<br>Harris B. Winsberg<br>Matthew Roberts<br>303 Peachtree Street NE, Suite 3600<br>Atlanta, GA 30308<br>Telephone: (404) 420-5300<br>hwinsberg@phrd.com<br>mroberts@phrd.com<br><br>Todd C. Jacobs<br>John E. Bucheit<br>Two N. Riverside Plaza, Suite 1850<br>Chicago, IL 60606<br>(312) 477-3305<br>tjacobs@phrd.com<br>jbucheit@phrd.com<br><br>TROUTMAN PEPPER LOCKE LLP[1]<br>Steven D. Allison*<br>100 Spectrum Center Drive, Suite 1500<br>Irvine, CA 92618<br>(949) 622-2700<br>steven.allison@troutman.com<br><br>Valerie Phan*<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>(858) 509-6000<br>valerie.phan@troutman.com | Counsel for Appellants Interstate Fire & Casualty Company and National Surety Corporation |

---

[1] Asterisks denote counsel known to be registered for electronic filing in the Ninth Circuit.

| | |
|---|---|
| SKARZYNSKI MARICK & BLACK LLP<br>Russell W. Roten<br>Jeffrey D. Kahane<br>Timothy W. Evanston<br>Nathan W. Reinhardt<br>333 S. Grand Avenue, Suite 3550<br>Los Angeles, CA 90071<br>(312) 721-0650<br>rroten@skarzynski.com<br>jkahane@skarzynski.com<br>tevantson@skarzynski.com<br>nreinhardt@skarzynski.com<br><br>Ashley Storey<br>One Battery Park Plaza, Fl. 32<br>New York, NY 10004<br>(212) 820-7755<br>astorey@skarzynski.com<br><br>CLYDE & CO LLP<br>Catalina J. Sugayan<br>Robert E. Sweeney, Jr.<br>30 S. Wacker Dr., Suite 2600<br>Chicago, IL 60606<br>(312) 635-6917<br>catalina.sugayan@clydeco.us<br>robert.sweeney@clydeco.us | Counsel for Appellants Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies |
| FELDERSTEIN FITZGERALD<br>WILLOUGHBY PASCUZZI & RIOS LLP<br>Paul J. Pascuzzi<br>Jason E. Rios<br>Thomas R. Phinney<br>Mikayla E. Kutsuris<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>(916) 329-7400<br>ppascuzzi@ffwplaw.com<br>jrios@ffwplaw.com<br>tphinney@ffwplaw.com<br>mkutsuris@ffwplaw.com<br><br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>Ori Katz<br>Four Embarcadero Center, 18th Floor<br>San Francisco, CA 94945 | Counsel for Appellee The Roman Catholic Bishop of Sacramento |

| | |
|---|---|
| (415) 434-9100<br>okatz@sheppardmullin.com<br><br>Alan H. Martin<br>4695 MacArthur Court, Seventh Floor<br>Newport Beach, CA 92660<br>(714) 752-6400<br>amartin@smrh.com<br><br>BLANK ROME LLP<br>Barron L. Weinstein<br>2029 Century Park East<br>Los Angeles, CA 90067<br>(424) 239-3400<br>barron.weinstein@blankrome.com<br><br>Jeffrey L. Schulman<br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 885-5145<br>jeffrey.schulman@blankrome.com | |
| STINSON LLP<br>Robert T. Kugler<br>Andrew J. Glasnovich<br>Luke Sperduto<br>50 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>(612) 335-1500<br>robert.kugler@stinson.com<br>drew.glasnovich@stinson.com<br>luke.sperduto@stinson.com<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller<br>David A. Taylor<br>Gabrielle Albert<br>101 Montgomery Street, Suite 1950<br>San Francisco, CA 94104<br>(415) 496-6723<br>tkeller@kbkllp.com<br>dtaylor@kbkllp.com<br>galbert@kbkllp.com<br><br>BURNS BAIR LLP<br>Timothy W. Burns<br>Jesse J. Bair<br>10 E. Doty Street, Suite 600 | Counsel for Appellee the Official Committee of Unsecured Creditors |

-4-

Madison, WI 53703
(608) 286-2302
tburns@burnsbair.com
jbair@burnsbair.com

**PARKER, HUDSON, RAINER & DOBBS LLP**

Dated: March 25, 2026          By:      */s/ Harris B. Winsberg*
                                         Harris B. Winsberg (admitted *pro hac vice*)
                                         Matthew M. Weiss (admitted *pro hac vice*)
                                         Matthew G. Roberts (admitted *pro hac vice*)
                                         Brian C. Aton (SBN 339266)
                                         303 Peachtree Street NE, Suite 3600
                                         Atlanta, GA 30308
                                         Telephone: (404) 523-5300
                                         Facsimile: (404) 522-8409
                                         Email: hwinsberg@phrd.com
                                                mweiss@phrd.com
                                                mroberts@phrd.com
                                                baton@phrd.com

                                         -and-

                                         Todd C. Jacobs (admitted *pro hac vice*)
                                         John E. Bucheit (admitted *pro hac vice)*
                                         Two N. Riverside Plaza, Suite 1850
                                         Chicago, Illinois 60606
                                         Telephone: (312) 477-3305
                                         Email: tjacobs@phrd.com
                                                jbucheit@phrd.com


                                         -and-

                                         **TROUTMAN PEPPER LOCKE LLP**
                                         Steven D. Allison (SBN 174491)
                                         100 Spectrum Center Drive, Suite 1500
                                         Irvine, CA 92618
                                         Telephone: (949) 622-2700
                                         Email: Steven.Allison@troutman.com

                                         -and-

                                         Valerie Phan (SBN 306503)
                                         11682 El Camino Real, Suite 400
                                         San Diego, CA 92130
                                         Telephone : (858) 509-6000
                                         Email : Valerie.Phan@troutman.com

                                         *Attorneys for Interstate Fire & Casualty Company
                                         and National Surety Corporation*

-5-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY AND NATIONAL SURETY CORPORATION, et al., <br><br> Appellants, <br><br> v. <br><br> THE ROMAN CATHOLIC BISHOP OF SACRAMENTO, <br><br> Appellee. | No. 2:25-cv-02262 WBS <br> (Lead Case) <br><br> 2:25-cv-02288 WBS <br><br><br> MEMORANDUM AND ORDER RE: APPELLANTS' APPEAL OF THE BANKRUPTCY COURT'S ORDER |

----oo0oo----

Appellants Interstate Fire & Casualty Company and Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies (together, "Insurers") have appealed the bankruptcy court's order modifying an automatic stay in connection with the bankruptcy of appellee, the Roman Catholic Bishop of Sacramento ("RCBS"). (Docket Nos. 60, 62.) RCBS and the Committee of Unsecured Creditors ("the Committee") have filed

1

opposing briefs.  (Docket Nos. 64, 67.)[1]

The court previously denied the Committee's motion to dismiss Insurers' appeal, concluding that Insurers were "persons aggrieved" for purposes of bankruptcy appellate standing. (Docket No. 51.)  The court then set a briefing schedule. (Docket No. 56.)  Insurers timely submitted briefs, in which they argue that the bankruptcy court's Order is deficient with respect to factual findings, legal analysis, and adequate weighing of their interests.  (See Docket Nos. 64, 67.)

I.   RCBS' Bankruptcy Proceedings

This bankruptcy proceeding is one of several involving Roman Catholic Dioceses in Northern California following passage of the California Victims Act, A.B. 218, which allows previously time-barred sexual assault claims to proceed in state court. (Docket No. 60 at 13); see also Century Indemnity Co. v. Roman Catholic Archbishop of San Francisco, No. 25-cv-08563 WHO, 2025 WL 3124083 (N.D. Cal. Nov. 7, 2025) (discussing the circumstances of a similar Diocese bankruptcy case).  In the wake of that legislation, over 200 tort actions were brought against RCBS and its affiliates in state court.  (Id.)  RCBS filed for bankruptcy in April 2024, and the Committee -- comprised of nine survivors representing the interests of the hundreds of other tort claimants -- was formed "to reach a global settlement with the Diocese in the form of a plan of reorganization that can be confirmed by the Bankruptcy Court as soon as possible."  (Docket

---

[1]    Pursuant to Local Rule 230, because the court concludes it would not benefit from oral argument on this appeal, the matter is decided on the papers, and the scheduled March 2, 2026 hearing on the appeal is vacated.

No. 67 at 16.)

Pursuant to Section 362(a)(1) of the Bankruptcy Code, "a wide-ranging stay on collection and enforcement activities against the debtor" was automatically imposed on the pending tort actions. In re Budd, No. BAP 11-cc-1015 MKKID, 2011 WL 4485190, at *2 (B.A.P. 9th Cir. July 11, 2011). RCBS then initiated an adversary proceeding against approximately 229 plaintiffs, in which it moved to extend the effects of the automatic stay to its affiliates. (Docket No. 60 at 16.) Many objections were filed by the Committee and survivor claimants; however, on the brink of the motion hearing, the parties reached an agreement in the form of a stipulation allowing, among other things, four cases to proceed in state court ("the Released State Court Actions"). (Id. at 17.) The stipulation was approved in the adversary proceeding, whereafter RCBS moved to have the same stipulation approved in the main bankruptcy proceeding. (Id. at 18-19.) Insurers objected, and a hearing was held in which the bankruptcy judge orally approved the stipulation. (Id. at 19-21) The bankruptcy court then issued an Order approving the stipulation modifying the automatic stay. (Id.)

In its Order, the bankruptcy court determined, based on "the legal and factual bases set forth in the Motion" and "all the proceedings had before the Court," that "just cause" existed for the stay modification. (Docket No. 61 at 223.) The court also found that "the relief requested . . . [was] in the best interests of the Debtor, its estate, creditors, and all parties in interest." (Id.)

Insurers appeal the Order on three grounds: (1) the

3

Order failed to discuss and apply the appropriate legal standard; (2) the Order failed to weigh evidence or make explicit findings of fact; and (3) the Order did not sufficiently weigh Insurers' interests.

The bankruptcy court's decision to grant relief from an automatic stay is reviewed for an abuse of discretion. See In re Budd, No. BAP 11-cc-1015 MKKID, 2011 WL 4485190, at *2 (B.A.P. 9th Cir. July 11, 2011) ("We review an order granting relief from stay for abuse of discretion."); In re Merriman, 616 B.R. 381, 387 (B.A.P. 9th Cir. 2020) (same); In re Kronemyer, 405 B.R. 915, 919 (B.A.P. 9th Cir. 2009) (same). "A bankruptcy court abuses its discretion if its decision is based on the wrong legal standard or its findings of fact were illogical, implausible, or without support on the record." In re Merriman, 616 B.R. at 387.

A district court "may affirm the bankruptcy court's order on any basis supported by the record." In re Wojcik, 560 B.R. 763, 768 (9th Cir. 2016).

II.  Review of Bankruptcy Court Order

A bankruptcy court may grant relief from an automatic stay under Section 362(d)(1) "upon a showing of cause." In re Merriman, 616 B.R. at 387 (citing 11 U.S.C. § 362(d)(1)). "Cause" has been recognized as a "broad and flexible concept," and its definition is determined on a case-by-case basis. In re Everton Aloysius Sterling, 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015); see also In re Merriman, 616 B.R. at 394 ("Congress left . . . the concept of 'cause' purposefully undefined and flexible." (citation modified)).

a.  Applicable Legal Standard

The Insurers argue at the threshold of their appeal that the Order "failed to identify or apply the correct legal rules governing the relief it granted."  (Docket No. 60 at 26.) They contend that assessment of cause for stay relief "involves, typically, an evaluation of certain factors, called the Curtis factors," which were not explicitly discussed by the bankruptcy court.  (Id. (citing In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).)  Insurers further argue that the Order should have assessed the stay modification under Federal Rule of Bankruptcy 9019.  (Id.)  Neither argument is persuasive.

The Curtis factors -- as Insurers acknowledge with the qualifier "typically" -- have been recognized as discretionary considerations a bankruptcy court may employ when determining cause.  See In re Plumberex Specialty Products, Inc., 311 B.R. 551, 559 (Bkrtcy. C.D. Cal. 2004) (describing the Curtis factors "as issues a bankruptcy court might weigh in determining whether to lift the stay to permit pending litigation to continue" (emphasis added)); In re Fjeldsted, 293 B.R. 12, 24-25 (9th Cir. BAP 2003) ("[The Curtis factors] may be considered as an aid to the court in weighing the equities." (emphasis added)); In re Altman, 2018 WL 3133164, at *7 (9th Cir. B.A.P. 2018) ("Although the [Curtis] factors may be considered by the bankruptcy court, 'cause' is a generic concept without a specific definition."). Insurers cite no authority requiring explicit articulation and consideration of the Curtis factors in an order granting stay relief, and the court is not convinced that failure to do so constitutes an abuse of discretion.  Cf. In re Roger, 539 B.R. 837, 845 (C.D. Cal. 2015) ("[S]ome cases involving the automatic

5

stay provision do not mention the <u>Curtis</u> factors at all.").

The court further notes that RCBS' motion in the bankruptcy court, which was incorporated into the court's Order, references the <u>Curtis</u> factors in its discussion of the basis for requested relief.  (Docket No. 61 at 14-15 n.2.)  And as set forth below, the tenth factor, "the interest of judicial economy and the expeditious and economical determination of litigation for the parties," weighs heavily in favor of finding cause in this case, which has been recognized as sufficient for purposes of granting stay relief.  <u>See</u> <u>In re Merriman</u>, 616 B.R. at 389 ("[The appellate panel] based its affirmance of the bankruptcy court's order primarily on the grounds that judicial economy weighed in favor of stay relief."); <u>In re Sterling</u>, 2018 WL 313085, at *5 (Bankr. S.D.N.Y. Jan. 5, 2018) ("Most importantly, the interests of judicial economy will be met by granting relief from the stay and moving forward in the state court.").

Insurers' argument that Bankruptcy Rule 9019 applies to the Order is also unavailing.  That rule provides that "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  Nothing in the statute, or any of Insurers' cited cases, suggests that "compromise or settlement" includes motions for stay relief, which are specifically discussed in Rule 4001.  Fed. R. Bankr. P. 4001(a) ("Relief from the Automatic Stay").

The bankruptcy court thus did not commit an abuse of discretion in not articulating analyses pursuant to the <u>Curtis</u> factors or Rule 9019.  The relevant standard for the bankruptcy court was whether there was "cause" for granting relief from the

stay pursuant to Section 362(d), and that is the standard it applied. (Docket No. 61 at 198 (specifying the Order is issued under "authority pursuant to 11 U.S.C. § 362(d) to order relief from the automatic stay").)

    b.   Evidentiary Requirements

Much of Insurers' challenge to the bankruptcy court's "cause" determination pertains to the handling of evidence. Insurers allege that the Order had no evidentiary basis, that the bankruptcy court was required to hold an evidentiary hearing, and that the court failed to make explicit findings of fact. (See Docket Nos. 60, 64.) With these arguments, Insurers misconstrue the limited scope of stay relief proceedings.

It is well-established that "[a] motion for stay relief is a summary proceeding," in which "the [bankruptcy] court's discretion is broad." In re Santa Clara County Fair Ass'n, Inc., 180 B.R. 564, 566 (B.A.P. 9th Cir. 1995); see also, e.g., Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31 (1st Cir. 1994) ("[T]he hearing on a motion for relief from stay is meant to be a summary proceeding, and the statute requires the bankruptcy court's action to be quick."); Lucore v. Specialized Loan Servicing LLC for Wells Fargo Bank, N.A., No. 17-cv-308 JLS (MDD), 2018 WL 1418022, at *2 (S.D. Cal. Mar. 22, 2018) ("The proceedings to decide motions for relief from the automatic stay are very limited." (internal citation omitted)). Bankruptcy courts do not adjudicate "the merits underlying substantive claims," in stay relief proceedings, but only determine "whether the movant creditor has a colorable claim." Grella, 42 F. 3d at 32 (collecting cases).

The abbreviated nature of stay relief proceedings has led courts to conclude that evidentiary hearings are not mandated, particularly where the "core facts are not disputed." In re Brown, 606 B.R. 40, 51 (B.A.P. 9th Cir. 2019); see In re Everton Aloysius Sterling, 543 B.R. 385, 392 (Bankr. S.D.N.Y. 2015) ("[T]he Court is not required to hold a full-blown evidentiary hearing on a motion to lift the automatic stay where it is unnecessary to do so."); In re Buczek, No. 22-2045, 2023 WL 7180644, at *3 (2d Cir. Nov. 1, 2023); Russo v Wilmington Sav. Fund Soc'y, FSB, No. 23-cv-08275 (OEM), 2025 WL 788932, at *7 (E.D.N.Y. Mar. 12, 2025) ("[A] bankruptcy court is not required to hold any hearing – much less a full evidentiary hearing – on a motion for relief from automatic stay.").

Nor does the failure to explicitly detail findings of fact serve as grounds for reversal when the record provides sufficient support for an inference of cause. See, e.g., In re Meruelo Maddux Props., Inc., No. BAP CC-12-1304, 2013 WL 1890634, at *5 (B.A.P. 9th Cir. May 6, 2013) ("Even if the bankruptcy court rules without articulating . . . findings, there is no reversible error where the record provides the reviewing court with a full . . . view of the issues on appeal."); In re Power Equip. Co., LLC, 309 B.R. 552, 559 (B.A.P. 8th Cir. 2004) ("[E]ven though the bankruptcy court did not make detailed factual findings, an appellate court may affirm on any basis support by the record.").  The absences of an evidentiary hearing or detailed findings thus do not, in and of themselves, establish abuse of discretion.  Once more, the relevant question is whether the record supported a plausible determination that cause existed

under Section 362(d)(1).[2]

The court finds that the record supports the bankruptcy court's determination that cause existed to modify the stay. The central factual predicate underlying that determination -- the existence of more than two hundred pending state court actions permeated with state law issues -- is undisputed. (Docket Nos. 62 at 14; 70 at 8 n.2.) Those proceedings formed the backdrop for the negotiated stipulation permitting four representative cases to proceed while enjoining the remainder.

Bankruptcy courts routinely find cause to grant stay relief in similar circumstances, because doing so promotes judicial economy and allows for resolution of state law issues in the proper forum. See, e.g., In re Calsol, Inc., 419 F. App'x 753, 754 (9th Cir. 2011) ("[A] desire to permit a state action to proceed in a state tribunal has been recognized as a proper cause to grant relief from the automatic stay."); In re Castlerock Props., 781 F. 2d 159, 163 (9th Cir. 1986) (affirming stay relief allowing state law claimants to proceed in state court); In re Wade, 1992 WL 332098, at *2 ("Cause may exist where the party requesting relief from the automatic stay seeks to litigate state law claims in state court."); Pursifull v. Eakin, 814 F.2d 1501,

---

[2] Insurers' reliance on Federal Rule of Civil Procedure 52 is not persuasive. Although Rule 52 applies in contested matters through Bankruptcy Rules 7052 and 9014, Rule 52(a)(3) expressly provides that findings and conclusions are not required when ruling on a motion. Fed. R. Civ. P. 52(a)(3). The bankruptcy court did not conduct a bench trial on disputed facts; it ruled on a motion based on the record and argument. Insurers cite no authority suggesting that Rule 52(a)(3)'s motion exemption is inapplicable in the stay-relief context, and the court declines to read such a qualification into the rule.

1506 (10th Cir. 1987) (cause existed where "the issues involved were matters of state law best decided by the state courts"); Winding Creek Solar LLC v. P. Gas and Electric Co., 2021 WL 2987409, at *4 (N.D. Cal. July 15, 2021) ("The Ninth Circuit has recognized that allowing a state action to proceed in a state tribunal can be proper cause to grant relief from the automatic stay.").

RCBS' motion, which referenced 137 pages of evidence submitted in connection with their injunction motion in the adversary case, specifically discussed the justification of judicial economy:  "Modifying the stay to allow only four (4) State Court Actions to go forward dramatically alleviates the burden of litigation, and allows . . . more focused attention on the mediation."  (Docket No. 61 at 15.)  Moreover, approval of the stipulation carried the added benefit of resolving the adversary proceeding.  The bankruptcy court was thus presented with a record showing hundreds of pending state law actions and a negotiated stipulation that would narrow active litigation while preserving the stay for the remainder to facilitate mediation and resolve a cumbersome dispute.  Given these circumstances, it was well within the bankruptcy court's discretion to determine that this measured modification of the stay appropriately balanced the burdens of the debtor with the objectives of efficient case administration and reorganization.

c.    Consideration of Insurers' Interests

Finally, Insurers argue that they are injured by the Order because it allows for judgments in the Released State Court Actions to attach to their policies.  (Docket Nos. 60 at 28, 62

at 30-32.)  That provision, the Insurers argue, re-allocates risk, "causes a fundamental alteration of the Policies," and effectively "weaponizes the stay" against them.  (Id.)

Insurers' contention that the bankruptcy court was required to balance their interests with those of RCBS and the Committee is undermined by the design of Section 362's automatic stay, which is meant "to protect . . . the debtor and his creditors."  In re Canejo, 96 F. 3d 346, 351 (9th Cir. 1996) (internal citation omitted); In re Grace Industries, Inc., 341 B.R. 399, 405 (Bkrtcy. E.D.N.Y. 2006) ("[W]here a plaintiff seeks relief from a stay to pursue a claim in another forum, the interests or desires of the insurance company which provides coverage of the claim are not considered in determining whether the stay should be lifted.")

Moreover, even if the bankruptcy court were required to consider Insurers' interests, the court sees no reason to conclude that it did not do so; in fact, the bankruptcy judge expressly determined that relief "[was] in the best interests of . . . all parties in interest."  (Docket No. 60 at 16.)  Insurers have maintained all along that they are "parties in interest" for purposes of this appeal, and both this court and the bankruptcy court have designated them as such.  (Docket Nos. 51 at 7; 67-1 at 48 (a prior bankruptcy court scheduling order for "part[ies] in interest, including any Insurer").)  That categorization is further supported by the very definition of "party in interest," which "is broad enough to include anyone whose financial interest may be affected by the outcome of a bankruptcy case."  In re Barnes, 275 B.R. 889, 892 (Bankr. E.D. Cal. 2002) (citing 11

U.S.C. § 1109(b)).

It is also common practice for bankruptcy courts to approve stay relief that allows for attachment to insurance policies, in line with Section 362(d)'s definition of "cause," which includes "lack of adequate protection."  11 U.S.C. § 362(d)(1); In re Calsol, 419 Fed. App'x. at 754 (affirming order granting relief from stay that "limit[ed] Appellee's recovery to proceeds of insurance"); New Hampshire Ins. Co. v. Hill, 516 Fed. App'x. 803, 804 (11th Cir. 2013) (affirming order modifying stay to "allow Appellants to collect their claims to the extent of . . . [debtor's] insurance coverage"); In re Glunk, 342 B.R. 717, 740 (Bankr. E.D. Pa. 2006) ("Under § 362(d)(1), bankruptcy courts have routinely granted relief to permit personal injury plaintiffs to . . . limit their collection efforts to the available insurance benefits.").

Insurers point to this court's prior observation, made in denying the Committee's motion to dismiss the appeal, that the bankruptcy court's Order "creates a new set of risks . . . stemming from impending litigation."  (Docket No. 60 at 42.) Insurers contend this language confirms that the stay unduly injures them by "caus[ing] a fundamental alteration of [their] policies."  (Docket No. 62 at 30.)

Insurers misconstrue the court's language in its earlier order.  The term "new set of risks" was used solely in assessing whether Insurers were "persons aggrieved" for bankruptcy appellate standing purposes.  (Docket No. 51 at 3 (citing Matter of Point Center Financial, Inc., 890 F. 3d 1188, 1191 (9th Cir. 2018)).)  The court concluded that lifting the

stay exposed Insurers to the risk that judgments could be enforced against available policy proceeds, a consequence sufficient to establish pecuniary interest.  The court did not suggest that the Order substantively altered the terms, scope, or obligations of the policies.

The bankruptcy court's Order removed the injunction imposed by Section 362, and the existence of litigation risk following the lifting of the stay does not amount to a contractual modification.  As the committee points out, Insurers remain free to assert whatever coverage defenses and policy limitations exist to contest a "Survivor's ability to encumber policy proceeds in a non-bankruptcy forum or the validity of any such lien."  (Docket No. 67 at 47.)  The Order thus did not rewrite the policies or expand coverage.

For the above reasons, the court finds that the bankruptcy court did not abuse its discretion in approving the stipulation modifying the automatic stay to permit continuation of state court litigation.

IT IS THEREFORE ORDERED that the decision of the bankruptcy court be, and the same hereby is, AFFIRMED.

Dated:  February 23, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

13